## Monarch Lumber Company, Plaintiff in Error, v. Haskell & Barker Car Company, Defendant in Error.

### Gen. No. 18,179.

1. SALES—*portion not up to grade.* Where defendant in an order for timber warned plaintiff to ship only stock coming up to grade, and where, under a previous contract, allowance had been made for stock not up to grade, plaintiff may require defendant to accept so much of a carload as is up to grade if plaintiff has unloaded the car and separated the good from the bad and tendered the former to defendant.

2. SALES—*portion not up to grade.* Where defendant offered to accept such portion of a car load of timber as was up to grade ordered if plaintiff would unload the stock and separate the good from the bad, and plaintiff refused the offer and ordered the car back for sale in open market, no acceptance by defendant is shown.

3. SALES—*no recovery for goods not accepted.* Where a portion of a car load of timber was not up to the grade ordered, and plaintiff, on the buyer's refusal to unload the car, took the same back, he will not be allowed to recover for such portion as was up to grade where he claims the full contract price.

Error to the Municipal Court of Chicago; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed March 25, 1913.

BENSON LANDON, for plaintiff in error.

EASTMAN & WHITE, for defendant in error; RALPH R. HAWXHURST, of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This suit was brought by the Lumber Company against the Car Company for the value of a carload of lumber alleged to have been sold and delivered. It seems that the carload was one of a number shipped by the plaintiff to the defendant, the other cars having been paid for. It also appeared that allowances were made on other shipments because of the claim of the defendant that the lumber or timber was not of the

kind called for by the contract, more or less of it being "cull." Defendant refused to accept the car sued upon, on the same ground, and refused to unload the portion of the car that did come up to grade, but offered if the plaintiff would unload the car in the railroad yard at its own expense, that it, the defendant, would send its inspector there and accept that portion which was up to grade at the regular price. This offer was refused by the plaintiff, and thereafter the car which had been consigned at the mill to the plaintiff at Michigan City, was ordered by the plaintiff to be forwarded to Chicago. This was done after a letter had been sent by the plaintiff to the defendant, in which it was stated that the plaintiff would endeavor to sell the material in the open market on account of the defendant, and if successful in disposing of it would credit the account of the defendant with the sale price and hold defendant for the difference; that if it was unable to sell the material it would then hold defendant for the invoice price. The president of the plaintiff company testified that he endeavored to dispose of the material but was not successful in selling any portion of it. What became of the lumber the record does not disclose.

There was a trial before the court and a finding for the defendant. The judgment entered upon such finding this writ of error brings up for review. The points relied upon for reversal have to do entirely with questions of fact. It is insisted that the evidence shows that at least one-half of the timber was conceded to be up to the specifications, and that therefore the finding of the trial court is contrary to all the evidence; second, that by the preponderance of the evidence nine-tenths of the timber was shown to be up to specifications, and that therefore the plaintiff was entitled to judgment.

It is clear there was no acceptance by the defendant. On the other hand the material was refused, and was taken possession of by the plaintiff. We find nothing

in the contract between the parties requiring the defendants to take any timber which did not come up to the specifications. It is true the contract contemplated that there might be timber shipped which was not up to grade, and it was provided that such material would be held thirty days and if not removed within that time, allowance made by the purchaser was to be accepted and in full settlement for the same. It also appears that in a letter enclosing the order the plaintiff was warned to ship only stock that comes up to grade and to be especially careful that it was not undersized or underlength. It was also stated in the letter that the defendant had "no requirement for cull oak." Under the contract, as we construe it, the plaintiff might have required the defendant to accept so much of the carload as was up to grade if the plaintiff itself had separated the good from the bad and tendered the former to the defendant. It could not, however, require the defendant to unload the car and pay for such portion of it as came up to grade.

The claim of the plaintiff as set forth in the statement was for the full contract price of the whole carload. We agree with the trial court that there should be no recovery for this amount, and in view of the fact that the plaintiff elected to retake the lumber, and the other circumstances, we see no basis for the allowance to the plaintiff of payment for such portion as met the requirements of the contract. The record does not show indeed that the plaintiff asked from the trial court any such finding.

The judgment will be affirmed.

*Affirmed.*